UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE GIRALDO, CARLOS ALVARADO, JOSE
HUMBERTO VELASQUEZ, MIGUEL HERNANDEZ,
STEVEN ROPIZAR and WILLIAM MONTALVO,
Individually and on Behalf of All Others Similarly
Situated, As Class Representatives,                              11-cv-000362 (LDW) (ARL)

                                    Plaintiffs,               ECF CASE

      -against-

ABC PARTS INTERNATIONAL, INC. AND MITCHELL
JAVAHERI,

                                    Defendants.
-----------------------------------------------------------------X

## [PROPOSED] FINAL APPROVAL ORDER AND FINAL JUDGMENT

**THIS CASE** coming on for hearing before the Honorable Leonard D. Wexler, U.S.D.J. on August 23, 2011, in order for this Court to conduct a final fairness hearing to determine whether the proposed Stipulation and Settlement Agreement ("Settlement Agreement") between the parties is fair, reasonable and adequate, and to address Class Counsel's application for an award of attorneys' fees and costs; and the settlement Class members being represented by Class Counsel and Defendants being represented by their attorneys;

**AND THE COURT**, having read and considered the parties' Stipulation and Settlement Agreement and all the papers appurtenant thereto submitted by Class Counsel, having reviewed and considered the oral arguments of counsel presented to the Court, and all papers filed and proceedings had herein, and good cause appearing, now makes the following:

### FINDINGS OF FACT

    1.    After extensive arms-length negotiations between Class Counsel and Defendants, and with the assistance of the Mediator the parties have reached accord with respect to a

Settlement that provides substantial benefits to Class members, in return for a release and dismissal of the claims at issue in this case against the Defendants as set forth in the Settlement Agreement.

2. Through the Settlement Agreement, the parties stipulated to the filing of Plaintiffs' Complaint in the United States District Court for the Eastern District of New York on January 24, 2011.

3. The resulting Settlement Agreement was preliminarily approved by the Court on February 22, 2011.

4. As part of the Order Granting Preliminary Approval, this Court approved the sending of direct mail notice and the placement of a newspaper notice/advertisement, in Spanish and English bilingual newspapers (collectively "the notice"). The notice provided Settlement Class members notice of the proposed settlement and provided an opportunity for the Settlement Class members to file objections to the Settlement, and an opportunity to opt-out of the Settlement.

5. The settling parties have filed with the Court a declaration from the Settlement Administrator, Simpluris, Inc., declaring that the mailing of the Court-approved notice as well as the placement of the newspaper notice/advertisements has been completed along with all of the requisite subsequent follow-up activities mandated by the Settlement Agreement.

6. The Court finds that notice was provided to the Class members in accordance with the Settlement Agreement and the Court's preliminary approval Order. The Court finds and determines that the notice provided in this case was the best notice practicable. The Court further holds that the notice was accurate, objective, informative, and provided members of the

Settlement Class with all the information necessary to make an informed decision regarding their participation in the Settlement and its fairness, and therefore satisfies the requirements for notice under applicable law.

7. Any persons who wished to be excluded from this action were provided an opportunity to "opt-out" pursuant to the notice. All persons who could have validly excluded themselves from the action would have no rights under the Settlement Agreement and would not be bound by the Settlement Agreement or the final judgment herein; however, no persons opted out of the action.

8. Settlement Class members are bound by the Stipulation of Settlement, and the Final Order and Judgment. Settlement Class members do not have a further opportunity to opt-out of this Action.

9. Any persons who wished to object to any part of the Settlement, including its terms, the requests for fees and expenses by Class Counsel and the proposed awards to the Representative Plaintiffs, were provided an opportunity to do so pursuant to the notice. As of the deadline for the filing of objections, no objections were filed. Given the size of this Settlement, and the notice procedure utilized, this Court finds that the absence of any objections to be indicative of the fairness, reasonableness and adequacy of the Settlement; accordingly, and given that no members opted out, all members of the Settlement Class are deemed to have waived any objection by appeal, collateral attack, or otherwise.

10. On the basis of all of the issues in this litigation, and the provisions of the Settlement Agreement, the Court is of the opinion that the Settlement is a fair, reasonable and adequate compromise of the claims against the Defendants in this case, pursuant to Rule 23 of

the Federal Rules of Civil Procedure. There are a number of factors which the Court has considered in affirming this Settlement, including:

    a.    The liability issues in this case have been contested.

    b.    This Settlement has the benefit of providing relief to the Settlement Class members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the parties to this litigation and among the parties to the individual litigation.

    c.    This Settlement is clearly a byproduct of hard-fought negotiation between the parties, and not a result of any collusion on the part of Class Counsel or counsel for the Defendants.

11.    Class Counsel provided notice to the Settlement Class members of their proposed application for reasonable attorneys' fees, costs, and expenses consistent with the terms of the Settlement Agreement and this Court's order preliminarily approving the Settlement. This Court has considered Class Counsel's request and hereby grants the request.

**NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT, THE COURT HEREBY MAKES THE FOLLOWING CONCLUSIONS OF LAW:**

12.    This Court has jurisdiction over the parties and the subject matter of this proceeding.

13.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure the following Settlement Class is certified for purposes of final settlement: All individuals who were employed by Defendants ABC Parts International, Inc. and Mitchell Javaheri, as full-time warehouse

workers, drivers and office staff members (excluding the General Manager) from any time from May 18, 2004 through and including June 18, 2010.

14. The Court finds that, for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this litigation. All the prerequisites for class certification under Rule 23 are present. The Settlement Class members are ascertainable and too numerous to be joined. Questions of law and fact common to all Settlement Class members predominate over individual issues and should be determined in one proceeding with respect to all of the Settlement Class members. The Class Representatives' claims are typical of those of the Settlement Class. The class action mechanism is superior to alternative means for adjudicating and resolving this action.

15. The Court finds that final approval of service payments in the gross amount of Sixty-Three Thousand Dollars ($63,000) to Plaintiffs, and payments to Plaintiffs Giraldo and Velasquez for their retaliation claims in the gross amounts of Fourteen Thousand Dollars ($14,000) to Giraldo and Forty Thousand Dollars ($40,000) to Velasquez is proper.

16. Class Counsel are qualified, experienced, and have aggressively litigated this case, thereby demonstrating their adequacy as counsel for the Settlement Class. The Court finds that approval of Two Hundred Thirteen Thousand Three Hundred Ninety-One Dollars and Fifty Cents ($213,391.50) in attorneys' fees and costs is warranted, based on the work performed, skill, risks taken, and results achieved by Class Counsel.

17. The Court finds that final approval of the Maximum Gross Settlement Amount of Six Hundred Thirty Dollars ($630,000) as being fair, reasonable and adequate, pursuant to Rule

23 of the Federal Rules of Civil Procedure is warranted and that payments be made to Class Members as outlined in the Settlement Agreement.

**NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 23(g) and 54(d):**

1. The motion for Final Approval of the proposed Settlement is GRANTED.

2. The Named Plaintiffs are entitled to and are hereby awarded payment of Ten Thousand Five Hundred Dollars ($10,500.00) with such amounts to be paid by the Settlement Administrator to the Named Plaintiffs upon Final District Court Approval in accordance with the terms of the Settlement Agreement.

3. Plaintiff Jose Giraldo is hereby awarded payment of Fourteen Thousand Dollars ($14,000) with such amount to be paid by the Settlement Administrator upon Final District Court Approval in accordance with the terms of the Settlement Agreement.

4. Plaintiff Jose Humberto Velasquez is hereby awarded payment of Forty Thousand Dollars ($40,000) with such amount to be paid by the Settlement Administrator upon Final District Court Approval in accordance with the terms of the Settlement Agreement.

5. The Class Counsel's application for attorneys' fees and expenses is granted in the amount of Two Hundred Thirteen Thousand Three-Hundred Ninety-One Dollars and Fifty Cents ($213,391.50) for fees and expenses and the Settlement Administrator is ordered upon Final Approval to pay such amounts to Lipman & Plesur, LLP, Class Counsel's firm in accordance with the terms of the Settlement Agreement.

6. Upon Final District Court Approval, as set forth in the Settlement Agreement, the Settlement Administrator shall effectuate distribution of the settlement funds to the Settlement Class members in accordance with the terms of the Settlement Agreement.

7. All members of the Settlement Class shall be bound by all determination and judgments in the Action concerning the Settlement.

8. Neither the Settlement, nor any of its terms of provisions, nor any of the negotiations or proceeding connected with it, shall be construed as an admission or concession by any party of the truth of any allegation in the Action or of any liability, fault, or wrongdoing of any kind.

9. Final Judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement.

10. This Action and all claims against the Defendants are hereby dismissed with prejudice, but the Court shall retain exclusive and continuing jurisdiction of the Action, all Parties, and Settlement Class members, to interpret and enforce the terms, conditions and obligations of this Settlement Agreement.

**IT IS SO ORDERED**

Dated:_____          _____
                                      The Honorable Leonard D. Wexler
                                      United States District Judge